1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8              EASTERN DISTRICT OF CALIFORNIA
9
10
11  ANTHONY GASTON,                ) 1:10-cv—01578-SKO-HC
                                   )
12              Petitioner,        ) ORDER TRANSFERRING CASE
                                   )
13       v.                        )
                                   )
14  ANTHONY HEDGEPETH,             )
                                   )
15              Respondent.        )
                                   )
16  _____ )
17
        Petitioner is a state prisoner proceeding pro se and in
18
    forma pauperis with a petition for a writ of habeas corpus
19
    pursuant to 28 U.S.C. § 2254.
20
        The petition reflects that Petitioner is incarcerated at
21
    Salinas Valley State Prison in Soledad, California.  (Pet. 1.)
22
    Petitioner is thus incarcerated within the Northern District of
23
    California.
24
        Petitioner challenges findings resulting from two prison
25
    disciplinary hearings that occurred while Petitioner was
26
    incarcerated at the Kern Valley State Prison, which is located
27
    within the Eastern District of California.
28

                                   1

1  The Court takes judicial notice of its findings and recommendations filed on October 29, 2009, in <u>Gaston v. Harrington</u>, case number 1:09-cv-1025-OWW-GSA-HC, regarding Petitioner's previous petition challenging one of the disciplinary findings that is a subject of the instant petition. The Court noted that Petitioner was incarcerated pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on August 12, 1994, of first degree murder with use of a firearm for which he was sentenced to serve an indeterminate prison term of twenty-nine years to life.  (Doc. 14, 1: 22-25.)[1]  Thus, Petitioner was convicted in a court that is situated without the Eastern District of California.

Title 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

2

prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

    Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

    Title 28 U.S.C. § 1631 provides that if a civil action is filed in a court that lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

    In habeas proceedings challenging prison disciplinary determinations, where the Petitioner is not incarcerated in the district wherein the prison disciplinary determination occurred, venue is proper in either the district where the petitioner is confined or the district where the court was held which convicted

1  and sentenced the petitioner.  Although the Ninth Circuit has not
2  determined the issue directly, it has been held that jurisdiction
3  is lacking (and thus venue does not lie) in the district in which
4  the disciplinary proceedings occurred if that district is neither
5  the district of confinement nor the district of the situs of the
6  convicting court.  Wadsworth v. Johnson, 235 F.3d 959, 961-963
7  (5th Cir. 2000); but see, King v. Pliler, No. C 00-2382 TEH (PR),
8  2000 WL 1456938 at *1 (N.D.Cal. Sept. 27, 2000) (dicta regarding
9  a prison disciplinary hearing constituting a "conviction").  A
10 prison disciplinary tribunal that imposes a disciplinary penalty
11 that affects the duration of confinement is not a state court
12 that convicted and sentenced the petitioner within the meaning of
13 section 2241(d).  235 F.3d at 962.  Further, even though the
14 reach of a district court's service of process may extend
15 throughout a state, § 2241(d) has been interpreted as a specific
16 limit on jurisdiction and venue that supercedes the more general
17 policy to have cases resolved in the court which is located near
18 the site of the underlying controversy.  Id. at 963.
19     Here, the petition concerns not the propriety of
20 Petitioner's conviction or sentence, but rather the execution of
21 his sentence; thus, it is appropriately brought in the district
22 of Petitioner's confinement, namely, the Northern District of
23 California.  The case should be transferred pursuant to 28 U.S.C.
24 § 1631 because this Court lacks jurisdiction: Petitioner is not
25 confined in this district, and his state court conviction was not
26 sustained in a court located within the Eastern District.
27     Accordingly, IT IS ORDERED that the petition be transferred
28 ///

4

to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   September 3, 2010**               **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE