1
2
3
4
5
6
7
8

NOT FOR CITATION

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12  ANTHONY GASTON,                          )          No. C 10-04068 JF (PR)
                                              )
13              Petitioner,                   )          ORDER TO SHOW CAUSE
                                              )
14      vs.                                   )
                                              )
15  ANTHONY HEDGPETH, Warden,                 )
                                              )
16                                            )
                Respondent.                   )
17  _____         )
18

19          Petitioner, an inmate currently incarcerated at the California State Prison-

20  Sacramento in Represa, proceeding pro se, seeks a petition for a writ of habeas corpus

21  pursuant to 28 U.S.C. § 2254.[1]  Petitioner has been granted in forma pauperis status.  The

22  Court orders Respondent to show cause why the petition should not be granted.

23
24                                  **STATEMENT**
25
    _____

26          [1] The United States District Court for the Eastern District of California transferred
27  this action on September 15, 2010, finding this Court was the appropriate venue as
    Petitioner was confined at Salinas Valley State Prison at the time he filed the instant
28  petition.  (Docket No. 5.)

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Gaston04068_osc-rvr.wpd                    1

Petitioner challenges a prison disciplinary hearing at Kern Valley State Prison which resulted in a guilty finding for arson in 2006.  Petitioner alleges that he exhausted state judicial remedies, with the California Supreme Court denying review on April 22, 2009.  Petitioner filed the instant federal petition on August 20, 2010.

## DISCUSSION

### A.  <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.  <u>Petitioner's Claims</u>

Petitioner seeks dismissal of a rules violation finding him guilty of arson for an incident which occurred on December 15, 2005.  Petitioner claims that the rules violation was dismissed, and that it was not until October 2, 2007, that he learned that he was found guilty.  Petitioner claims that the preponderance of the evidence finds him not guilty due to his mental disorder.  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted or, in the alternative, why equitable tolling should not apply to make this petition timely.

## CONCLUSION

1.      The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

3.     Alternatively, Respondent may, within **sixty (60) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _1/27/11_____

_____
JEREMY FOGEL
United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

ANTHONY GASTON,

                Petitioner,

   v.

ANTHONY HEDGEPETH, Warden,

                Respondent.

_____/

Case Number: CV10-04068 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/17/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Gaston J-34878
California State Prison-Sacramento
P.O. Box 290066
A-2-120
Represa, CA 95671

Dated: _____2/17/11_____

                Richard W. Wieking, Clerk