IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>　　　Petitioner,<br><br>　v.<br><br>ANTHONY HEDGEPETH, Warden,<br><br>　　　Respondent. | No. C 10-4068 LHK (PR)<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION TO<br>DISMISS; FURTHER<br>SCHEDULING<br><br>(Docket No. 13) |

　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two administrative decisions by the California Department of Corrections and Rehabilitation. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as procedurally defaulted, and, as untimely. Petitioner filed a traverse, which the Court construes as an opposition. Respondent filed a reply brief. Based upon the papers submitted, the Court DISMISSES Claim 1, and issues an order to show cause as to Claim 2.

### BACKGROUND

　　　In 1994, Petitioner was convicted in Los Angeles County Superior Court for murder. (MTD, Ex. 4 at 2.) He was sentenced to twenty-nine years to life. (*Id.*)

　　　While incarcerated at Kern Valley State Prison, prison officials issued a rule violation

1  report to Petitioner for arson, stating that, on December 15, 2005, he had set his cell on fire.
2  (Pet., Ex. 1 at 24.)  At a hearing on March 3, 2006, Petitioner was found guilty of arson (cell
3  fire).  (*Id.* at 30.)  Petitioner filed an administrative appeal challenging the hearing process.
4  (MTD, Ex. 1.)  On June 19, 2006, prison officials denied Petitioner's appeal at the second level
5  of review.  (MTD, Ex. 2.)  Petitioner did not appeal this denial to the Director's Level of review.
6  However, on October 3, 2007, Petitioner filed a new appeal, challenging the finding of guilt for
7  committing arson, and alleging that he never received the denial at the second level of review.
8  (Pet., Ex. 4 at 116.)  That appeal was denied as untimely.  (*Id.* at 118.)

9        On August 12, 2008, Petitioner filed a state habeas petition in superior court.  (MTD, Ex.
10  4 at 121.)  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000) (holding that a federal or
11  state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for
12  filing, rather than the date it is received by the courts), *vacated and remanded on other grounds*,
13  *Carey v. Saffold*, 536 U.S. 214 (2002).  On October 22, 2008, the superior court denied the
14  petition in a reasoned opinion.  (Pet., Ex. 7 at 137-39.)  Petitioner's subsequent state habeas
15  petition in the California Court of Appeal was summarily denied on December 18, 2008.  (*Id.*,
16  Ex. 8.)  Petitioner's state habeas petition in the California Supreme Court was also summarily
17  denied on April 22, 2009.  (*Id.*, Ex. 9.)

18        Petitioner filed the instant federal habeas petition on August 18, 2010.  *See Houston v.*
19  *Lack*, 487 U.S. 266, 276 (1988).  In Claim 1 of his petition, Petitioner claims that the evidence
20  was insufficient to find him guilty of arson, and violated his right to due process, because the
21  hearing officer failed to consider Petitioner's mental health status at the time of the incident, as
22  required by California law.  (Pet. at 9-11.)

23                                **DISCUSSION**

24  I.     Motion to Dismiss

25        Respondent argues that Petitioner is precluded from obtaining federal habeas relief
26  because the California Supreme Court denied Petitioner relief based on a state procedural rule
27  requiring administrative exhaustion.  (MTD at 4-5.)  Respondent also asserts that the claim is
28  untimely.  (*Id.* at 5-9.)  In opposition, Petitioner does not contest that his claim was denied

pursuant to an independent and adequate state procedural rule, but instead, argues that he should be excused from procedural default because he can demonstrate cause and prejudice. (Opp. at 6-10.) Petitioner further asserts that, although he did not file his petition within the one-year statute of limitations, he should receive equitable tolling. (*Id.* at 10-12.)

### A.   Procedural Default

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question, and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

Here, the California Supreme Court summarily denied Petitioner's state habeas petition with a citation to *In re Dexter*, 25 Cal. 3d 921 (1979). (Pet., Ex. 9.) *Dexter* stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted state administrative remedies." *Id.* at 925.

The state procedural rule of *Dexter* is independent of federal law. Petitioner does not argue otherwise. The only reason the California Supreme Court gave for rejecting Petitioner's state petition was a failure to exhaust administrative remedies. The ruling was in no way on the merits, or intertwined with a decision on the merits. As to adequacy, the state has pleaded the existence of a procedural bar, thereby shifting the burden to Petitioner to come forward with specific factual allegations and citations to authority to demonstrate that the rule is not consistently enforced. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). Petitioner has not attempted to do so.

The California Supreme Court's citation to *Dexter* is thus independent and adequate to bar Petitioner's claim from federal habeas review. Petitioner contends, however, that the California Supreme Court was in error in dismissing the petition for failure to exhaust administrative remedies, because he did exhaust, or at least did all he could to try to exhaust.

1   Petitioner's argument that the California Supreme Court erred in concluding that he had not
2   exhausted is not grounds for avoiding the bar. "A basic tenant of federal habeas review is that a
3   federal court does not have license to question a state court's finding of procedural default, if
4   based upon an adequate and independent state ground." *Barnes v. Thompson*, 58 F.3d 971, 974
5   n.2 (4th Cir. 1995). Because the California courts are the final expositors of California law, the
6   California Supreme Court's conclusion that the state's exhaustion rule was not satisfied is
7   binding here. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack
8   jurisdiction to review state court applications of procedural rules; refusing to review state court's
9   finding of procedural default).

10        Petitioner attempts to demonstrate "cause and prejudice" to excuse his default. He claims
11  that he never received notice that his administrative appeal at the second level of review was
12  denied. Indeed, asserts Petitioner, the only document he initially received regarding the
13  resolution of his appeal at the second level of review indicated that his appeal was granted. (Pet.
14  at 2-3.) Petitioner states that he first learned of the denial on October 2, 2007, and he filed an
15  administrative appeal the next day, in an attempt to rectify the situation. (*Id.*; Opp. at 2-3, 7-8.)
16  In essence, Petitioner argues that because he was given notice that his appeal at the second level
17  of review was granted, but did not receive the written decision denying his appeal, he had no
18  reason to continue exhausting his administrative remedies.

19        The "cause" standard requires a petitioner to show that "'some objective factor external
20  to the defense impeded . . . efforts' to construct or raise the claim." *McCleskey v. Zant*, 499 U.S.
21  467, 493 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Objective factors that
22  constitute cause include interference by officials that makes compliance with the state's
23  procedural rule impracticable, and a showing that the factual or legal basis for a claim was not
24  reasonably available. *See McCleskey*, 499 U.S. at 493-94.

25        Even assuming that Petitioner has sufficiently demonstrated cause for the default, he fails
26  to show actual prejudice as a result of the alleged federal law violation. *See id.* at 494; *United*
27  *States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner bears the burden of showing, not merely
28  that the error created a possibility of prejudice, but that it "worked to his *actual* and substantial

1  disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170
2  (emphasis in original).

3  Here, Petitioner claims that the Senior Hearing Officer ("SHO") presiding over his rule
4  violation hearing failed to take into consideration Petitioner's mental health assessment at the
5  time he set his cell on fire. (Pet. at 9-10.) Petitioner alleges that the SHO should have realized
6  that Petitioner was attempting suicide, and therefore, the SHO should not have held Petitioner to
7  the same standard as a sane person. (*Id.*) California Code of Regulations § 3317 states, in part,
8  that all inmates who receive a rule violation report, and who "exhibit[] bizarre, unusual or
9  uncharacteristic behavior at the time of the rules violation shall be referred for a Mental Health
10 Assessment." Cal. Code Regs., tit. 15, § 3317. Section 3317 continues, "An inmate shall be
11 referred for a mental health evaluation prior to documenting misbehavior . . . in any case where
12 the inmate is suspected of self mutilation or attempted suicide." *Id.* If the mental health
13 evaluator determines that it was an actual suicide attempt, the regulation mandates that a rule
14 violation report not issue. (*Id.*)

15 In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of
16 good-time credits does not comport with the minimum requirements of procedural due process
17 unless the findings of the prison disciplinary board are supported by some evidence in the record.
18 The standard for the modicum of evidence required is met if there was some evidence from
19 which the conclusion of the administrative tribunal could be deduced. *See id.* at 455. An
20 examination of the entire record is not required nor is an independent assessment of the
21 credibility of witnesses or weighing of the evidence. *See id.* The relevant question is whether
22 there is any evidence in the record that could support the conclusion reached by the disciplinary
23 board. *See id.* The Due Process Clause only requires that prisoners be afforded those procedures
24 mandated by *Wolff v. McDonnell*, 418 U.S. 539 (1974), and its progeny; it does not require that
25 prisons comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415,
26 1419-20 (9th Cir. 1994). Here, prejudice ensues, if there was not "some evidence" at the hearing
27 to support a guilty finding of arson.
28 The underlying record shows that Correctional Officer Trullinger responded to a code

1  alarm and saw fire and smoke coming out of Petitioner's single occupancy cell. (Pet., Ex. 1 at
2  27.) After officers put out the fire, they found Petitioner in his cell, slouched over in his
3  wheelchair. (*Id.*) The incident report also noted that a lighter was found and confiscated from
4  the lower bunk. (Pet., Ex. 1 at 99-100.) Petitioner was afforded a mental health assessment,
5  which concluded that Petitioner was experiencing auditory hallucinations and paranoia at the
6  time of the incident. (Pet., Ex. 1 at 28.) The mental health assessment also opined that
7  Petitioner was not aware of reality at the time of the incident. (*Id.*) The assessment did not
8  determine that the incident resulted from an actual suicide attempt. (*Id.*) A review of the
9  evidence demonstrates that the finding of guilt is sufficiently supported by "some evidence".
10 *See, e.g.*, *Hill*, 472 U.S. at 456-57 (finding some evidence to support guilty finding for two
11 prisoners when evidence showed that a guard witnessed one inmate, who had just been assaulted,
12 and three other inmates fleeing from the scene).

13       Thus, Petitioner fails to show actual prejudice resulting from his claim that there was
14 insufficient evidence to support a guilty finding of arson. Accordingly, even assuming that
15 Petitioner demonstrated cause, he cannot show prejudice, and therefore, Petitioner cannot
16 overcome the procedural default of his claim.[1]

17       B.      <u>Statute of Limitations</u>

18       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
19 statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions
20 filed by prisoners challenging non-capital state convictions or sentences must be filed within one
21 year of the latest of the date on which: (1) the judgment became final after the conclusion of
22 direct review or the time passed for seeking direct review; (2) an impediment to filing an
23 application created by unconstitutional state action was removed, if such action prevented
24 petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court,
25 if the right was newly recognized by the Supreme Court and made retroactive to cases on

---

[1] Because Petitioner does not argue that a "failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750, he cannot overcome the procedural default through this exception.

collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (*quoting* 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions, Section 2244(d)(1)(D) applies, and the one-year limitations period begins to run on the date the administrative decision becomes final. *See id.* at 1066 (limitation period began to run the day after petitioner received timely notice of the denial of his administrative appeal challenging disciplinary decision). The "factual predicate" of the habeas claims is the administrative appeal board's denial of the administrative appeal. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

Here, giving Petitioner the benefit of the doubt, the date upon which Petitioner learned of the factual predicate of his claim is the date Petitioner learned that his administrative appeal at the second level of review was denied, i.e., on October 2, 2007. (Opp. at 11.) Therefore, the limitations period began running on October 3, 2007. *See Shelby*, 391 F.3d at 1066. Thus, Petitioner had until October 2, 2008 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner filed his federal habeas petition on August 18, 2010. Thus, absent tolling, Petitioner's claim is untimely.

    1. <u>Statutory Tolling</u>

The one-year statute of limitations is tolled under Section 2244(d)(2) for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Between October 2, 2007 – the date Petitioner learned of the denial of his appeal at the second level over review – and August 12, 2008 – the date he filed his state habeas petition in superior court, 314 days had passed. (MTD, Ex. 4 at 121.) Assuming that Petitioner is entitled to statutory tolling

while exhausting state court remedies, the statute was tolled through April 22, 2009, the date the California Supreme Court denied his state habeas petition. (Pet., Ex. 9.) The statute of limitations began running again the following day, on April 23, 2009. Petitioner than had 52 days (366 days minus 314 days) from April 23, 2009, to file his federal petition. *See United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir. 1993) ("year" under federal rules includes 366 days during leap year, not 365 days). In other words, Petitioner had to have filed his federal petition on or before June 13, 2009. However, Petitioner, did not commence this action until August 18, 2010 – over one year past the statute of limitations deadline. Because statutory tolling does not render the petition timely, the Court must decide whether equitable tolling saves the petition.

          2.        <u>Equitable Tolling</u>

Petitioner argues that he is entitled to equitable tolling because (1) he was on suicide watch from September 2006 through December 2006, and does not remember appearing at an ICC hearing in January 2007 in which his rule violation for arson was discussed, and (2) from December 7, 2009 through June 23, 2010,[2] Petitioner was transferred to three different institutions and was without his legal property. (Opp. at 5-6, 10-11.)

Petitioner does not meet his burden of demonstrating that a basis for equitable tolling exists. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner

---

[2] In Petitioner's opposition, he states that he did not receive his "personal" property until June or July 2010. (Opp. at 5-6.) In the petition, he specifies that he received his property on June 23, 2010. (Pet. at 4-5.)

fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Regarding Petitioner's argument for equitable tolling between September 2006 through, at the latest, January 2007, he is not entitled to equitable tolling. In calculating Petitioner's statute of limitations, this Court is giving him the benefit of the doubt as to when the statute of limitations began to run, i.e., October 3, 2007. Thus, the assertion that Petitioner was on suicide watch in the later portion of 2006 through January 2007 has no relevance to Petitioner's inability to file his federal habeas petition on time because that time period pre-dates the commencement of Petitioner's statute of limitations. *Cf. Gaston*, 417 F.3d at 1034-35.

Regarding Petitioner's second argument for equitable tolling, although a petitioner may be entitled to tolling if he is denied access to legal papers despite his repeated requests for them, *see, e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), Petitioner's situation is different. First, Petitioner has not attempted to demonstrate a causal connection between his need for his legal property, and his inability to file his federal petition on time. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (affirming the denial of equitable tolling, and stating, "[Petitioner] does not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed"). Second, Petitioner clearly was not prevented from filing a timely federal habeas petition due to not having his legal materials because he filed a federal habeas petition without his materials, in which he raised the same underlying claim in *Gaston v. Harrington*, No. 09-1025 (OWW) (E.D. Cal., filed June 11, 2009). *See Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (affirming district court's determination that petitioner was not entitled to equitable tolling based on lack of access to his legal files because the record showed petitioner was aware of the factual basis for his claims without the files). Because Petitioner fails to show what extraordinary circumstances prevented him from filing a timely federal petition, he is not entitled to equitable tolling.

Order Granting Respondent's Motion to Dismiss; Further Scheduling
P:\pro-se\sj.lhk\hc.10\Gaston068mtdprodef            9

Finally, even if the Court equitably tolled the statute from December 7, 2009 through June 23, 2010, that would only toll the statute for an additional six and a half months, still rendering his claim untimely by over six months. Accordingly, the claim is untimely.

II.  <u>Order to Show Cause</u>

In the Court's February 27, 2011 order to show cause, the Court inadvertently omitted Petitioner's second claim. In his petition, Petitioner alleged: (1) his 2005 rule violation for arson violated his right to due process because it was not supported by sufficient evidence, and (2) his 2008 rule violation for indecent exposure violated his right to due process because it was not supported by sufficient evidence. Because no party has addressed Claim 2 in this motion to dismiss, the Court will issue a second order to show cause. Liberally construed, Claim 2 is cognizable on federal habeas review. The Court orders Respondent to show cause why the petition should not be granted as to the above issue. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons, the Court orders that:

1.  Respondent's motion to dismiss is GRANTED. Claim 1 is DISMISSED as procedurally barred, and untimely.

2.  The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the Court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11/4/11

_LUCY H. KOH_
United States District Judge