NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON, ) | No. C 10-4068 LHK (PR) |
| Petitioner, ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. ) | |
| ) | (Docket No. 39) |
| ANTHONY HEDGEPETH, Warden, ) | |
| Respondent. ) | |

  Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two administrative decisions by the California Department of Corrections and Rehabilitation ("CDCR"). On November 9, 2011, the Court dismissed Claim 1, which challenged a 2005 rules violation report for arson, as procedurally defaulted and untimely. On September 7, 2012, the Court dismissed Claim 2, which challenged a 2008 rules violation report for indecent exposure, for failure to state a claim.

  On September 26, 2012, Petitioner filed a motion asking the Court to reconsider the November 9, 2011 dismissal of Claim 1 under Federal Rule of Civil Procedure 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's

1 decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the
2 judgment; and (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v.*
3 *ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  In the present motion, Petitioner claims that he
4 is entitled to reconsideration based on Rule 60(b)(1).  Specifically, he claims that he was without
5 his legal property for at least seven months while the statute of limitations was running.
6 Petitioner also argues that he was under psychiatric care during those seven months, and his rules
7 violation for arson should have been reduced or dismissed.

8       Petitioner's arguments are unavailing.  First, the Court concluded that Claim 1 was
9 procedurally defaulted.  Petitioner's motion for reconsideration does not address that conclusion.
10 Second, the Court also concluded that the petition was untimely.  The Court specifically
11 considered Petitioner's assertions that he was without his legal property and was undergoing
12 psychiatric care when the Court determined that Petitioner was not entitled to equitable tolling.
13 Finally, Petitioner's argument that his rules violation for arson should have been reduced or
14 dismissed is irrelevant to the Court's conclusion that Claim 1 was procedurally defaulted and
15 untimely.

16       Accordingly, Petitioner's motion for reconsideration is DENIED.  No further filings will
17 be accepted in this closed case.

18 **IT IS SO ORDERED.**
19 DATED: 11/7/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

20
21
22
23
24
25
26
27
28

Order Denying Motion for Reconsideration
G:\PRO-SE\SJ.LHK\HC.10\Gaston068recon.wpd

2